



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable G. A. Walters
County Attorney
San Saba County
San Saba, Texas

Dear Sir:

Opinion No. 0-074
Re: Distribution of proceeds from
tax sale. Time for issuing
order of sale

We are in receipt of your letter of June 12, 1939, in which you request the opinion of this department upon the following questions:

"Where judgment is taken against a delinquent tax payer in the same suit for taxes and foreclosure of lien on the same property in favor of three separate taxing units, to-wit the state and county; independent school district; and the city, and it becomes necessary to sell the property under an order of sale thereunder, and it becomes necessary for one of the plaintiffs to bid the property in, what is done with the proceeds of the sale, that is, the amount that is bid? Is it to be apportioned among the three taxing units in proportion as their interests appear? And does the unit that bids it in have to pay the other two units their proportional parts? Or, can the taxing unit that bids it in take the property clear of any judgment lien in favor of the other two taxing units?

"Where judgment is taken for delinquent taxes with foreclosure of tax lien, is plaintiff required to have order of sale issued within twelve months? Or, does the judgment lien go for ten years? In other words, are these kinds of judgments the same

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT



as any ordinary judgment that now under the law is good for ten years or order of sale may issue at any time in the ten years?"

Article 7345b, R.C.S., 1925, as amended, provides in part as follows:

"Section 1. For all purposes of this Act, the term 'taxing unit', shall include the State of Texas or any town, city or county in said State, or any corporation or district organized under the laws of the State with authority to levy and collect taxes.

"Sec. 8. No property sold for taxes under decree in such suit shall be sold to the owner of said property, directly or indirectly, or to anyone having an interest therein, or to any party other than a taxing unit which is a party to the suit, for less than the amount of the adjudged value aforesaid of said property or the aggregate amount of the judgments against the property in said suit, whichever is lower, and the net proceeds of any sale of such property made under decree of court in said suit to any party other than any such taxing unit shall belong and be distributed to all taxing units which are parties to the suit which by the judgment in said suit have been found to have tax liens against such property, pro rata and in proportion to the amounts of their respective tax liens as established in said judgment, but any excess in the proceeds of sale over and above the amount necessary to defray the costs of suit and sale and other expenses hereinabove made chargeable against such proceeds, and to fully discharge the judgments against said property, shall be paid to the parties legally entitled to such excess.

"Sec. 9. If the property be sold to any taxing unit which is a party to the judgment under decree of court in said suit, the title to said property shall be bid in and hold by the taxing unit purchasing same for the use and benefit of itself and all other taxing units which are parties to the suit and which have been adjudged in said suit to have tax liens against such property,

pro rata and in proportion to the amount of the tax liens in favor of said respective taxing units as established by the judgment in said suit, and costs and expenses shall not be payable until sale by such taxing unit so purchasing same, and such property shall not be sold by the taxing unit purchasing same for less than the adjudged value thereof or the amount of the judgments against the property in said suit, whichever is lower, without the written consent of all taxing units which in said judgment have been found to have tax liens against such property; and when such property is sold by the taxing unit purchasing same, the proceeds thereof shall be received by it for account of itself and all other said taxing units adjudged in said suit to have a tax lien against such property, and after paying all costs and expenses, shall be distributed among such taxing units pro rata and in proportion to the amount of their tax liens against such property as established in said judgment. Consent in behalf of the State of Texas under this Section of this Act may be given by the County Tax Collector of the county in which the property is located.

* * * *.

"Sec. 13. The provisions of this Act shall be cumulative of and in addition to all other rights and remedies to which any taxing unit may be entitled, but as to any proceeding brought under this Act, if any part or portion of this Act be in conflict with any part or portion of any law of the State, the terms and provisions of this Act shall govern as to such proceeding. The provisions of Chapter 10, Title 122 of the Revised Civil Statutes of 1925 shall govern suits brought under this Act except as herein provided. Acts 1937, 45th Leg., p. 1494-a, ch. 506."

It was held in Willacy County Water Control & Imp. Dist. v. Lewis (T.C.A. 1938) 119 S.W. (2) 159, that Article 7345b is cumulative and provides additional requirements in the institution and prosecution of tax suits to those required by other tax statutes and by its own terms shall govern where there is any conflict with other statutes.

In view of the language of the above statute, it is our opinion that it was not intended that the taxing unit purchasing the property should pay any money but that it should "hold" the property in trust "for the use and benefit of itself and all other taxing units which are parties to the suit" whose liens have been adjudged against the property "pro rata and in proportion to the amount of the tax lien in favor of the respective taxing units as established by the judgment." When the property is sold by the purchasing taxing unit, as provided in the Act, it takes the proceeds for the benefit of itself and the other taxing units and after paying costs and expenses the money received is distributed pro rata and in proportion to the amount of their tax liens, to the other taxing units.

In other words, there are no "proceeds" to be distributed where it is necessary for a tax unit to bid in the property, until the second sale provided in the Act is made. The purchasing tax unit does not take title to the property free of the judgment liens of the other units but holds it for the benefit of itself and the other units pending the time it may be resold and the proceeds from that sale apportioned.

Article 7326, R.C.S., 1925, provides that suit shall be instituted praying for judgment in the amount of the delinquent taxes;" and also that such land be sold to satisfy said judgment for all taxes, interest, penalty and costs," etc. It further provides that: "Such suit shall be brought as an ordinary foreclosure for debt, with averments as to the existence of a lien upon such land for such taxes, * * * and shall pray for judgment for the foreclosure of the said lien and sale of said lands as under ordinary execution."

Article 7326, R.C.S., 1925, provides in part:

"The proper persons, including all record lien holders, shall be made parties defendant in such suit, and shall be served with process and other proceedings had therein as provided by law in ordinary foreclosure suits in district courts of this state; and in case of foreclosure an order of sale shall issue and the land sold thereunder as in other cases of foreclosure; * * *".

Section 7 of Article 7345b, R.C.S., 1925, provides:

"In case of foreclosure, an order of sale shall issue, and, except as herein otherwise provided, the



land shall be sold thereunder as in other cases of foreclosure of tax liens.*

It will be noted that the foregoing provisions authorize the issuance of an order of sale as in other cases of foreclosures of liens but no requirement is made that such order of sale issue within a specified time.

Article 3773, R.C.S., 1925, as amended, provides, with reference to judgments generally, that execution may issue at any time within ten years from the rendition of the judgment.

It is our opinion that an order of sale or execution on a judgment foreclosing a lien for delinquent taxes may issue within ten years from the rendition of the judgment. We express no opinion as to whether the original execution or order of sale could issue after the expiration of ten years without suit upon the judgment or scire facias.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _Cecil C. Cammack_
Cecil C. Cammack
Assistant

APPROVED JUL 14, 1939
CCC-MR

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY W/R1K
CHAIRMAN